# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# Western Division

**FRANKLIN S. WILLIAMS,**

    **Plaintiff,**

**v.**                                                  **No.: _____**

**TECHTRONIC INDUSTRIES NORTH**
**AMERICA, INC.,**                                **JURY DEMANDED**

    **Defendant.**

## COMPLAINT

PLAINTIFF, Franklin S. Williams, brings this action against the Defendant and alleges as follows.

## I.   PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.   The Court has personal jurisdiction over the Plaintiff, a resident of Tipton County, Tennessee and the Defendant, who does business in Tennessee.

3. Venue also lies in the Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff worked for Techtronic Industries North America, Inc. (hereinafter "Defendant") in West Tennessee.   During his employment with Defendant, he was a covered employee under the FLSA.

5. The Defendant is a covered "employer" under the FLSA.

## II.  FACTUAL BASIS FOR SUIT

6. During the course of Plaintiff's employment with Defendant, he was given the title "Manufacturer Representative."

7. During Plaintiff's employment, Plaintiff performed work in excess of forty (40) hours per week on a regular and repeated basis.

8. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work.   29 C.F.R. § 778.107.

9. When Plaintiff worked more than forty (40) hours during a week, on most occasions, Defendant did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty (40) hours of work.   *See* 29 C.F.R. § 778.107.

10. Instead, Plaintiff was given "comp time" to be used in a subsequent week and/or was worked "off the clock," as Defendant refused to pay Plaintiff for travel time of less than one hour and for work performed from his home both at the beginning and at the end of the work day.

11. For example, Plaintiff began his work day each morning at his home doing electronic mail and other job functions essential to the business of Defendant, as well as loading supplies into his vehicle.   Plaintiff would then travel to a retailer.   At the end of his day, Plaintiff would return to his residence and perform additional work, including electronic mail, surveys, reports, etc.   These job duties were also essential to the business of Defendant.

12. Defendant, however, did not pay Plaintiff for the time spent working before leaving his home and after arriving home.   Furthermore, Defendant only paid Plaintiff for travel time that

exceeded one hour from his home to the location of a retailer he was visiting on the particular day. The same was true for travel back to his residence.

13. The aforementioned time was compensable time under the FLSA for which Plaintiff should have been compensated under the FLSA at one and one-half (1 and ½) his regular rate of pay.

14. Defendant is unable to bear its burden of showing that Plaintiff falls within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§541.300, 541.301, 541.302, 541.303, or 541.304.

15. Defendant's failure to pay Plaintiff overtime wages is a willful violation of the FLSA.

16. Defendant is unable to bear its "substantial burden" of showing its failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b); 29 U.S.C. §260.

## IV.   CAUSES OF ACTION

17. The forgoing facts are incorporated by reference as if fully stated herein.

18. Plaintiff brings the following claim against Defendant:

   Failure to pay overtime wages in violation of the Fair Labor Standards Act.

19. Plaintiff demands a jury.

## VI.   PRAYER FOR RELIEF

20. A declaratory judgment that Defendant has violated the overtime provisions of the FLSA;

21. A declaratory judgment that Defendant's violations of the FLSA were willful;

22. An award to Plaintiff of damages in the amount of unpaid overtime compensation to be proven at trial;

23. An award to Plaintiff of liquidated damages in an amount equal to the overtime

compensation shown to be owed to her pursuant to 29 U.S.C. § 216(b);

24. An award to Plaintiff of reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 216(b); and

25. An award of such other and further legal and equitable relief as may be appropriate.

    Respectfully submitted,

    **GILBERT RUSSELL McWHERTER PLC**

    /s/ Michael L. Russell
    MICHAEL L. RUSSELL (20268)
    Gilbert Russell McWherter PLC
    1616 Westgate Circle, Suite 228
    Brentwood, Tennessee   37027
    Telephone:   615-467-6372
    mrussell@gilbertfirm.com

    /s/ Clinton H. Scott
    CLINTON H. SCOTT (23008)
    Gilbert Russell McWherter PLC
    101 North Highland
    Jackson, Tennessee 38301
    Telephone: 731-664-1340
    Facsimile: 731-664-1540
    cscott@gilbertfirm.com

    *ATTORNEYS FOR PLAINTIFF*