IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FRANKLIN S. WILLIAMS,     )<br>     )<br>  Plaintiff,     )<br>     )     2:11-CV-02793-STA-TMP<br>v.     )<br>     )     <u>JURY DEMANDED</u><br>TECHTRONIC INDUSTRIES NORTH     )<br>AMERICA, INC.,     )<br>     )<br>  Defendant.     )     | |

## ANSWER

Defendant R&B Sales and Marketing, Inc. ("R&B"), incorrectly identified in the Complaint as Techtronic Industries North America, Inc., for its answer to Plaintiff's Complaint, states as follows:

### I.  PARTIES, JURISDICTION, AND VENUE

1.  R&B admits that this case arises under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, but denies that it has violated any provisions of the FLSA.

2.  R&B admits that subject jurisdiction is proper, and that this Court has personal jurisdiction over R&B. R&B is without sufficient information to admit or deny the allegations regarding Plaintiff's residency. R&B denies the remaining allegations of Paragraph 2 of the Complaint.

3.  R&B admits that venue is proper in this district. R&B denies the remaining allegations of Paragraph 3 of the Complaint.

4.  R&B denies that Plaintiff worked for Techtronic Industries North America, Inc. The remaining allegations within Paragraph 4 of the Complaint constitute legal conclusions for

which no response is required. To the extent a response is required, however, R&B admits that it treated the Plaintiff as a covered employee under the FLSA.

5. R&B admits that it is a covered employer under the FLSA.

## II.  FACTUAL BASIS FOR SUIT

6. R&B denies the allegations of Paragraph 6 of the Complaint.

7. R&B denies the allegations of Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 constitute a legal conclusion for which no response is required. To the extent a response is required, however, R&B admits that Plaintiff has correctly quoted the cited regulation.

9. R&B denies the allegations of Paragraph 9 of the Complaint.

10. R&B denies the allegations of Paragraph 10 of the Complaint.

11. R&B is without sufficient information to admit or deny the allegations in paragraph 11.

12. R&B denies the first sentence of paragraph 12. R&B admits that it paid Plaintiff for travel time that exceeded one hour to and from work. R&B denies the remaining allegations in paragraph 12.

13. R&B denies that Plaintiff's compensation was contrary to the provisions of the FLSA; therefore the allegations in paragraph 13 are denied.

14. R&B denies the allegations of Paragraph 14 of the Complaint.

15. R&B denies the allegations of Paragraph 15 of the Complaint.

16. R&B denies the allegations of Paragraph 16 of the Complaint.

## IV. CAUSES OF ACTION

17. R&B adopts and incorporates all previous statements as if fully set forth herein.

18. R&B denies that it has failed to pay overtime wages in violation of the FLSA as alleged in Paragraph 18 of the Complaint.

19. The allegations of Paragraph 19 of the Complaint do not require a response from R&B.

## VI. (sic) PRAYER FOR RELIEF

20. R&B denies that Plaintiff is entitled to the relief sought in Paragraph 20 of the Complaint.

21. R&B denies that Plaintiff is entitled to the relief sought in Paragraph 21 of the Complaint.

22. R&B denies that Plaintiff is entitled to the relief sought in Paragraph 22 of the Complaint.

23. R&B denies that Plaintiff is entitled to the relief sought in Paragraph 23 of the Complaint.

24. R&B denies that Plaintiff is entitled to the relief sought in Paragraph 24 of the Complaint.

25. R&B denies that Plaintiff is entitled to the relief sought in Paragraph 25 of the Complaint.

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to state a valid claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because R&B paid Plaintiff all sums of money to which he is entitled as compensation for hours worked.

## FOURTH DEFENSE

Even if R&B failed to pay Plaintiff overtime wages for certain activities, Plaintiff is not entitled to compensation for such time because it is *de minimis* as a matter of law and, therefore, does not constitute "hours worked" under the FLSA.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because R&B did not possess the requisite intent or state of mind to commit the acts alleged, acted at all times reasonably and in good faith based on all relevant facts and circumstances known to R&B at the time it so acted, and did not act willfully, reckless, or maliciously. Thus, Plaintiff is not entitled to liquidated damages.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to 29 U.S.C. § 255, because Plaintiff's FLSA claims must be commenced within two years after the claims accrued because any alleged violation by R&B was not willful.

## SEVENTH DEFENSE

Even if R&B failed to pay Plaintiff certain wages, R&B is entitled to an offset or deduction for any overpayments of any regular wages or overtime wages paid to Plaintiff that do not constitute hours worked and/or do not require overtime compensation pursuant to the FLSA.

## EIGHTH DEFENSE

R&B has fully performed its contractual, statutory, and other duties, if any, to Plaintiff.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## THIRTEENTH DEFENSE

R&B reserves the right to assert additional affirmative and other defenses as appropriate when they are discovered.

*[signature]*
Attorney for Defendant
R&B Sales and Marketing, Inc.
*shooper@lightfootlaw.com*

Tenn. BPR No. __29692__

OF COUNSEL:

LIGHTFOOT, FRANKLIN & WHITE, LLC
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of October, 2011, I electronically filed the foregoing with the Clerk of the Court using the electronic system which will send notification of such filing to the following:

Michael L. Russell, Esq.
Gilbert Russell McWherter PLC
1616 Westgate Circle, Suite 228
Brentwood, Tennessee 37027
Telephone: 615-467-6372
*mrussell@gilbertfirm.com*

Clinton H. Scott, Esq.
Gilbert Russell McWherter PLC
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
*cscott@gilbertfirm.com*

*[signature]*
Of Counsel